### IN THE

# SUPREME COURT

### OF THE

## STATE OF NEW YORK,

IN AUGUST TERM, 1825, IN THE FIFTIETH YEAR OF OUR INDE-
PENDENCE.

---

## HARWOOD *against* FRENCH.

ON certiorari to a Justice's Court. The Justice returned that French declared against Harwood, who was brought before him on a warrant issued March 10th, 1825. Harwood objected to any proceedings, on the ground of his privilege, he having attended a Court of special sessions as a party, and not having had time to return home before his being arrested upon the warrant; and made other objections, all of which were overruled. He refused to plead; and the Justice examined the plaintiff's witnesses, and gave judgment against him for $5 and costs. And now,

Where, in a suit under the act for the more speedy recovery of debts to the value of fifty dollars, (sess. 47, ch. 238,) the defendant omits to plead, and judgment is rendered, a certiorari lies.

In such case, no appeal to the common pleas lies.

*Edward Allen* moved to set aside the certiorari as having issued contrary to the provisions of the act for the more speedy recovery of debts to the value of 50 dollars, (sess 47, ch. 238, s. 36, p. 294.) He read a clause of the statute, which is, "that no writ of false judgment, or writ of certiorari, shall be allowed, or be of any force or effect, except in cases where remedy by appeal is not provided for by this act, to remove any judgment, order or proceeding whatsoever, to be rendered, had or made by virtue of this act, into

the Supreme Court of Judicature of this state." He con‑
tended that this suit had been *tried* within the meaning of
the subsequent clause of the same section, giving an ap‑
peal in all suits which *shall be tried* before a Justice ; and
that the defendant might, otherwise, evade the act by
omitting to plead, and yet put the plaintiff to do precisely
what he would be obliged to do on an issue ; for he is al‑
ways bound to prove his demand, though no plea be inter‑
posed. (*Cudner* v. *Dixon*, 10 John. Rep. 106.)

*J. A. Spencer*, contra, said the proceedings of the plain‑
tiff were entirely *ex parte*. There was nothing which
could be called a trial ; no litigation ; no more than a mere
inquest before the sheriff on a writ of inquiry.

[SUTHERLAND, J. The 38th section of this act contem‑
plates an issue ; in order to which there must be pleadings
on both sides. When the cause goes to the Court of Com‑
mon Pleas, on appeal, there are no new pleadings. It pro‑
ceeds upon those in the Court below. The issue joined
below is to be heard and tried in the Common Pleas.]

*J. Platt*, (same side with Spencer,) said the statute cer‑
tainly did not mean to abolish the remedy by certiorari en‑
tirely. It provides, that no certiorari shall be brought, ex‑
cept in cases where an appeal is not provided for.

This expression implies that an appeal does not apply to
every cause which may be decided by the Justice ; and the
present case is one exception in the contemplation of the
legislature.

*Curia.* The only question is, whether the defendant be‑
fore the Justice could appeal. If he could not, it is clear
that a certiorari lies. On looking into the act, we think this
a case to which the remedy by appeal is inapplicable. It
lies in those cases only where there is a *trial*, either by the
Justice, or a jury. Technically speaking, here has certain‑
ly been no trial. Nor has there, we think, been one within
the meaning of the act. It speaks of an issue joined by plead‑
ing, upon which alone the cause is to be heard in the Court

of Common Pleas. Here was no issue ; no pleadings on which the Court of Common Pleas could proceed to a trial, properly so called. In point of form, only one party could be heard, except as to the mere question of the amount of damages. The proceeding must be in nature of an inquest. No venire could issue, or jury be convened and sworn, to pass upon any issue between the parties. The motion must be denied.

Motion denied.