ALBANY,
Oct. 1826.

Munro
v.
Baker.

---

### Munro *against* Baker and others.

Cause must
be shown for a
certiorari, in
all cases
where it is to
review the
proceedings of
an inferior ju-
risdiction for
error ; except
where the
writ is sued
out by the
people.

A writ of certiorari had issued in this cause, in behalf of *Munro*, to remove into this court the assessment list of highway work made by the commissioners of highways of the town of *Mamaroneck*, in the county of *Westchester*, with their proceedings, and the determination of the commissioners in affixing the names of persons mentioned in the list ; and the number of days which they determined each person should work for the year ; among whom they named *Munro*. The certiorari recited his complaint, that manifest error had intervened in the list and proceedings of the commissioners ; and the writ was allowed by the recorder of *New-York*, without any cause shewn by affidavit, or otherwise.

*S. S. Lush,* now moved to set aside the writ as irregular. He insisted that, at common law, it could be allowed only in open court ; (2 *T. R.* 89 ;) and the statute, (1 *R. L.* 140,) does not extend to the case.

ALBANY,
Oct. 1826.

Goodrich
v.
Colvin.

At any rate, cause should have been shewn by affidavit; for there are certain cases in which the court, from a regard to public convenience, will refuse to allow a certiorari. (2 *Caines' Rep.* 181, 2. 20 *John.* 84. 2 *T. R.* 234.)

*S. M. Hopkins*, contra, said the writ issues, of course, unless restrained by the legislature. This is proved by our various statutes on the subject. And see also, *Com. Dig. Certiorari*, (*B.*) *Pro rege*, the writ issues, of course, even where it is forbidden by the general words of a statute.

*Curia.* Without saying whether an application should have been made to the court, we are clear that cause must be shown in all cases where a certiorari is brought to review the proceedings of an inferior jurisdiction for error. It is never of course, except where it is sued out by the people. If it were otherwise, we might have every petty judicial controversy in the state before us.

Motion granted.