# Overseers of South Huntingdon *against* Overseers of East Huntingdon.

If a person suddenly fall sick and, after an order for his relief, die, the township where his legal settlement was at the time is liable for the expenses of his maintenance and burial, although the overseers thereof had no notice of it until after his death.

*CERTIORARI* to the quarter sessions of *Westmoreland* county.

Henry Caufman, a poor person, came out of South Huntingdon township into East Huntingdon township, and fell sick, and died before he could be removed to South Huntingdon, and notice given to the overseers of said township. And the overseers of East Huntingdon took measures for relieving and maintaining said Caufman, a poor person, and had him decently buried; and afterwards, finding that he had last gained a legal settlement in South Huntingdon, gave notice to the overseers of said South Huntingdon of the above facts, and that the amount expended for the relief and burial of the said pauper was 40 dollars, requesting the said overseers of South Huntingdon township, to wit, Stophel Hepler and James Myers, to

pay the moneys expended in maintaining and burying the said pauper, who refused.

Upon the application of the overseers of East Huntingdon to the court of quarter sessions the following decree was made:

Court order and decree that the overseers of the poor of South Huntingdon township do pay to the overseers of the poor of East Huntingdon the sum of 36 dollars and 91 cents, being the amount expended for the relief and burial of Henry Caufman, a pauper, chargeable to South Huntingdon; also pay the costs of the order of the justices and this appeal.

*Beaver*, for appellant.
*Coulter*, contra.

The opinion of the Court was delivered by

Huston, J.—Our act for the support and employment of the poor provides for the relief of every poor person who has a settlement in any district. The first and fifth sections provide for the relief of such poor person who has no settlement in the district, until he can be removed to the place where he has a legal settlement: of course, if he have no legal settlement he is to be assisted where he first becomes helpless so as to require *support*.

The act in its several provisions gives directions as to the duties of the overseers on particular occasions: generally, the overseers cannot receive and grant relief to any person until such person, or some one for him, has procured an order from two justices. And the sixth section imposes a penalty on overseers who act otherwise, unless such relief was approved of *by two justices afterwards* ; thus providing for cases where humanity requires that instant relief be given without waiting for written authority. The twenty-third section is as follows: "if any person shall fall sick in any district, before he has gained a settlement therein, so that he cannot be removed, the overseers of such district shall, as soon as conveniently may be, give notice to the guardians or overseers of the city or district where such person had last gained a legal settlement or to one of them, of the name, circumstances and condition of such poor person, and if the guardians or overseers to whom such notice shall be given, shall refuse or neglect to pay the moneys expended for the use of such person and to take order for relieving and maintaining him, *or in case of his death before such notice shall be given*, shall, on request made, neglect or refuse to pay the moneys expended in maintaining or burying such poor person, in every such case it shall be the duty of the court of quarter sessions of the county where such poor person was last settled, upon complaint to them made, to compel payment by such guardians or overseers of all such sums of money as were necessarily expended for such purpose, in the manner directed by law in the case of a judgment obtained against overseers."

[Overseers of South Huntingdon v. Overseers of East Huntingdon.]

In the present case the pauper fell sick and died in East Huntingdon in a very few days after the overseers had notice of his case, and no notice was given to the overseers of South Huntingdon until after his death and burial; nor does it appear that the overseers who relieved and buried him had knowledge where his legal settlement was until after his death which happened on the fourth day after relief was formally applied for.

There is no dispute that his last settlement was in South Huntingdon. There is no allegation that the court of quarter sessions had not jurisdiction. Nor to the regularity of the proceedings in point of form.

The forty-fourth section of the act of assembly declares the decision of the quarter sessions shall (except in certain specified cases) be final and conclusive. But a *certiorari* was taken out, and it is asserted that such writ lies from this court to all inferior jurisdictions, except when a writ of error lies. Supposing this to be so, yet the redress which we can give is confined to the regularity and legality of the proceedings. It does not extend to questions on the merits depending on facts not before us and which on this writ cannot come before us.

The errors assigned are, that this man did not die suddenly so that he could not be removed.

Now on this subject we only know that the supervisor received the order on Thursday, saw him on Friday, and when he went again on the next Monday found him dead. *Prima facie* he was too ill to be removed; whether there was any evidence from the physician who attended him before the quarter sessions we know not; and we cannot reverse for a wrong conclusion on this point even if we had any reason to suppose there was any mistake as to this. The act supposes the pauper may be dead and buried before notice is given.

The only other error is as to the amount allowed. Now the record shows no objection in the court below on this ground and no testimony appears on the subject, and if there was evidence I am not aware of any principle applicable to the writ of *certiorari* and proceedings on it which would justify this court to inquire into the merits of the accounts.

Decree and proceedings of the court below affirmed.