## Derry Overseers *versus* Brown.

In a proceeding under the 23rd section of the act of 13th June, 1836, relating to the support and employment of the poor, the record may be brought up by certiorari; and this court may then correct error in the process, proceedings, judgments and decrees of the court of Quarter Sessions. But in such proceeding, this court will not examine into the merits of the controversy upon facts.

In trials in the Common Pleas, in civil cases, facts may be brought up by bill of exceptions, stating the evidence, and in the same way, the charge of the court and instruction to the jury upon the evidence, may be made part of the record, and brought up; but neither the opinion of the court, nor the evidence given in the Quarter Sessions, compose any part of the record, or can be made so, by any form of proceeding pointed out by the law.

If, in a proceeding such as this, the party complaining has any redress, it is by *appeal*; but whether an appeal to this court will lie, not decided.

THIS was a *certiorari* to the Court of Quarter Sessions of Mifflin county, by the Overseers of the Poor of Derry township, against the Overseers of the Poor of Brown Township, for medical services rendered by a physician to Thompson and wife, who had become chargeable upon Derry township, not having gained a legal settlement therein; but whose legal settlement was alleged to have been in Brown township; and also for attendance upon and necessaries furnished to them. An order had been made by two Justices of the Peace, in May 1849, upon the Overseers of the township of Derry, requiring them to take charge of Thompson and wife, and to furnish them with medical aid, and such other relief as their situations might call for, until they could be removed to their last legal settlement.

The proceeding was commenced under the provisions of the 23rd section of the act of June 13th, 1836, relating to the support and employment of the poor.

The facts of the case were disputed; but it appeared that the physicians' bill had not been actually paid by the Overseers of Derry, when the proceeding was commenced.

The court below decided, *inter alia*, that as the evidence does not show that they had expended any money, the proceeding under the section of the act, above referred to, was improvidently commenced.

Errors assigned:

The court erred in holding that because Derry township had not paid Dr. Cummings the amount of his bill, before this proceeding commenced, therefore the plaintiffs could not recover in this proceeding.

The court erred in dismissing this application for the reason that no part, either of Bumgardner's or Dr. Cummings' bill had been paid by Derry township, before this application was made.

[Derry Overseers *v.* Brown.]

The case was argued by *Alexander*, for plaintiffs in error.
*Woods*, was concerned for defendants in error.

The opinion of the court was delivered by

COULTER, J.—The court may doubtless issue a certiorari to the court of Quarter Sesssions for the purpose of bringing up the record, and may correct any error in the process, proceedings, judgments and decrees of such court. But it would be out of place and out of order to examine into the merits of the controversy, upon facts. There is no mode provided in the law, by which the facts can be legitimately before this court. The usual manner of bringing the facts before this court, in civil cases, on a writ of error, is by bill of exceptions in the court below, in which the evidence is stated and set out; and which bill is signed and sealed by the President of the court; and which becomes thereby part of, and is certified with the record. The charge of the court and instruction to the jury upon the evidence, is made part of the record by the same process of bill of exception, and both become examinable here, as part of the record. By the 25th section of the act of 1806, it is the duty of the court of Common Pleas, upon the request of either party, to reduce their charge to writing, with their reasons therefor, and file the same of record in the cause. And in that way also, the opinion of the court becomes part of the record, and is certified with it; and any thing apparent on it is assignable for error here. But neither the opinion of the court, nor the evidence given in the Quarter Sessions, compose any part of the record, nor can be made so by any form of proceeding pointed out by the law. Hence it was determined on a certiorari to remove proceedings for the assessment of damages, that the Supreme Court will not examine into exceptions which depend upon depositions taken in the court below, relating to the assessment of the damages; Allison *vs.* Delaware & Schuylkill Canal, 5 *Wharton* 482; and in Overseers *vs.* Overseers, 7 *Watts* 527, the late Judge HUSTON, in delivering the opinion of the court says, " supposing the writ of certiorari does lie, yet the redress, which we can give, is confined to the regularity and legality of the proceedings. It does not extend to questions on the merits depending on facts not before us, and which, on this writ, cannot come before us." I know of no decision which overturns this.— It was supposed that the case of West Buffaloe *vs.* Walker Township, 8 *Barr* 177, gave some countenance to the examination of the merits and facts on a certiorari. But it does not. There the opinion of the Chief Justice was founded altogether upon the effect, which quashing proceedings in this court, when the same cause was here before, had upon the rights of the parties. It was held that it did not preclude the party from instituting new proceedings. In those new proceedings an appeal was taken and also

[Derry Overseers *v.* Brown.]

a certiorari. The certiorari was determined as I have stated, and the appeal was allowed to proceed, and was determined in this court, and I suppose will be reported. If the party complaining here had any remedy, it was by appeal. Because the error he alleges arises altogether on the facts, which cannot be before us on this proceeding. I will not say that he has that remedy, because the 44th sec. of the act of 1836, enacts, that if any person be aggrieved by the judgment of any one or more magistrates in pursuance of this act, he may appeal to the court of Quarter Sessions for the county in which such magistrate resides, except in cases hereinbefore specially provided for, whose decision, in all such cases, shall be final and conclusive. The exception obviously refers to cases in which no appeal is allowed even to the sessions. The 19th sec. of the act gives no countenance to an appeal to this court, because it refers in terms to the court of Quarter Sessions, requiring them to determine appeals from justices of the peace on their merits, and without regard to technical forms. But I will not say that an appeal does not lie, because they have been entertained. When the question is distinctly made before the court, it will be determined.

The error assigned on this certiorari being on the facts and merits, cannot be examined into in this proceeding.

Judgment affirmed.