## Mifflin Township *versus* Elizabeth.

1. In a question of the settlement of a pauper, no appeal lies to the Supreme Court from the decree of the Quarter Sessions; their decree is final and conclusive.

2. Though a married woman has a legal settlement in the township in which her husband was living at his death, this does not prevent her from acquiring another settlement by her own act, *after his decease.*

APPEAL from the decree of the Court of Quarter Sessions of *Allegheny county*, in the matter of the removal of Sarah Edmonson, a pauper.

It was alleged that Hugh Edmonson, the husband of the pauper, resided in Mifflin township from April, 1832, till April, 1838, and while there paid his proportion of the public taxes, and paid rent for the property he resided on. On the 1st of April, 1838, he removed to Sinclair's land, in Elizabeth township, and in September or October of the same year, he there died. His widow and family continued to reside on the Sinclair land till 1st of April, 1839, and gave the landlord his share of the grain. On the 1st of April, 1839, Sarah Edmonson removed back into Mifflin township, leased a house from Curry, at the rent of $18 for the year, and she and her children resided there for one whole year, and she paid the said rent. She afterwards returned to Elizabeth

township, and on an application to two justices of the peace, an order was issued for her removal to *Mifflin* township. From this order the overseers of the poor of Mifflin township appealed to the Court of Quarter Sessions, who afterwards approved of the order of removal, and adjudged that the overseers of the poor of Mifflin township pay to the overseers of the township of Elizabeth, $48.28 and the costs.

From this decree an appeal to the Supreme Court was entered, and exceptions were filed; one was, That Hugh Edmonson, husband of Sarah, was, at the time of his death, a citizen of *Elizabeth* township. A motion was made to dismiss the appeal, on the ground that the decree of the Court of Quarter Sessions was final and conclusive. It was alleged that the 16th section of the Act of the 13th June, 1836, entitled " An Act relating to the support and employment of the poor," provides for the removal of a pauper from one district to another by a warrant or order of removal, granted by two magistrates. The 19th section provides, " That any person aggrieved by any such order of removal, may appeal to the next Court of Quarter Sessions for the county from which such poor person may be removed, and not elsewhere." The 24th section, " If any magistrate shall refuse to grant a warrant or order of removal as aforesaid, it shall be lawful for the overseers aggrieved by such refusal, to appeal to the next Court of Quarter Sessions, for the county in which such magistrate resides, who shall thereupon hear and finally determine the same." Section 44. ." If any person shall be aggrieved by the judgment of any one or more magistrates in pursuance of this Act, he may appeal to the next Court of Quarter Sessions for the county in which such magistrates reside (except in cases hereinbefore specially provided for), whose decision shall be final and conclusive."

It was contended, therefore, that the Act of Assembly, under which the proceedings in this case were had, does not authorize any appeal from the decision of the Court below.

*Willson* was for the appellants, the overseers of Mifflin township.

*Flanegin,* for overseers of Elizabeth township.—It was alleged that Hugh Edmonson had a legal settlement in Mifflin township, at the time he removed therefrom. The Act of 13th of June, 1836, entitled an "Act relating to the support and employment of the poor" (sec. 9, *Dunlop's Dig.* 2d ed., p. 716), provides that a settlement may be gained in any district, by any person who shall be charged with and pay his proportion of any public taxes or levies for two years successively. By any person who shall *bonâ fide* take a lease of any real estate of the yearly value of ten dollars, and shall dwell upon the same *for one whole year* and pay the said rent. Section 10. Every married woman shall be

[Mifflin Township v. Elizabeth.]

deemed during coverture, and after her husband's death, to be settled in the place where *he* was last settled. Hugh Edmonson could not gain a settlement in Elizabeth township by dwelling therein for the period of six or seven months; the law requires *one whole year*. And at all events, Sarah Edmonson, after her husband's death, gained a legal settlement *in Mifflin township*, by leasing a house of the value of $18 per year, residing there one whole year, and paying the rent.

The opinion of the Court was delivered, Sept. 8, 1851, by

COULTER, J.—The appeal from the Quarter Sessions in this case does not lie, not being given by the statute. An appeal to the Supreme Court never lies from the proceeding of an inferior jurisdiction, specially conferred by statute, unless an appeal be given. The *certiorari* lies for the purpose of correcting any error in their proceeding, and keeping them in the sphere prescribed by the statute. But the merits or facts of the controversy are not examinable in such proceeding. So that it was ruled in 7 *Watts* 527, that the revision of the Supreme Court on a *certiorari* to the Quarter Sessions of the county, in a case arising under the poor laws, is confined to the regularity of the proceedings, and does not extend to an examination of the merits. And the reason is, as I will notice hereafter, that by the 44th section of the Act of 13th June, 1836, the decision of the Quarter Sessions on the merits is made final and conclusive. The appellant has shown no statute, nor any section of any statute, giving an appeal. I know of none. But he relied on the first section of the Act of 16th June, 1836, defining the jurisdiction of the courts, in which it is stated that the Supreme Court shall have power to hear and determine all manner of pleas, plaints, and causes brought there from any other court of this commonwealth, by virtue of any writ or process issued by the said court, or any judge thereof, for that purpose, in the manner now practised and allowed.

This is a considerable stretch of ingenuity. But an appeal from the Sessions is not brought here by virtue of any process or writ issued by this Court, or any judge thereof, in the manner practised and allowed at any time. That is one objection to the appeal. There is no mode or form prescribed of its getting here, or of the testimony being authenticated. It comes in like a strange and unbidden guest. But this section of the Judiciary Act relates to the ancient writs of error, *certiorari*, or *habeas corpus*, by means whereof errors in law, and not errors in fact, of inferior tribunals are corrected, according to the manner then practised and allowed.

The 19th section of the Poor Act of 1836, gives an appeal from the order of two justices removing and settling a pauper, to the next Court of Quarter Sessions of the county, *and not elsewhere*.

[Mifflin Township *v.* Elizabeth.]

And the 20th section, for the purpose, as it states, of preventing vexatious removals and frivolous appeals, enjoins it on the Court of Quarter Sessions to impose such costs and charges as it *deems* reasonable and just, to be paid by the overseers or other persons against whom such appeal shall be determined, thereby showing that the matter was intended to be confided to the discretion and judgment of the Court of Quarter Sessions. But the 44th section, to remove all doubt or cavil from the subject-matter, provides that, "If any person shall be aggrieved by the judgment of any one or more magistrates, in pursuance of this Act, he may appeal to the next Court of Quarter Sessions (except in the cases hereinbefore especially provided for), whose decision in all such cases shall be final and conclusive. The exception relates to some small matters in which the judgment of the magistrates is made conclusive.

There is no right of appeal given to this Court by the statute, and an express enactment that the judgment of the Sessions shall be final and conclusive. The appeal, therefore, does not lie, and is quashed. The merits were fully argued, and, from the evidence on the paper-book, are decidedly against Mifflin township. The testimony is positive that Sarah Edmonson rented a house and land in Mifflin township, after the death of her husband, for one year, resided on it for that time, and paid the rent. This gave her a right of settlement there, although at the time of her husband's death she was entitled to a settlement in Elizabeth. This did not prevent her from acquiring a subsequent settlement by her own acts when she was *sui juris*, by complying with the requisites of the law.

Appeal quashed.