# Bradford Township *versus* Goshen Township.

1. No appeal lies from an order of the Quarter Sessions, vacating an order by two justices for the removal of a pauper.

2. A certiorari to remove the proceedings of the Quarter Sessions in a pauper case, brings up nothing but the record. The Supreme Court cannot look outside of that; neither the evidence returned nor the opinion of the court is any part of the record.

March 23d 1868. Before STRONG, READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Appeal from the Court of Quarter Sessions of *Clearfield county:* No. 232, to January Term 1868.

This was an application and complaint made to two justices of

[Bradford Township *v.* Goshen Township.]

the peace on the 6th of July 1867, by the overseers of Bradford township to remove Neely Green, a pauper, to Goshen township. On the 12th of July, the justices decided that Goshen township was the last place of the pauper's residence and granted an order to remove him there. On the same day, Goshen township appealed to the Court of Quarter Sessions.

A very large amount of testimony was taken in the Quarter Sessions by an examiner appointed by the court. On the 26th of December 1867, the court made this decree :—

"The order of removal in this case appealed from is discharged and vacated and the appellees are directed to pay the costs of the appeal."

Bradford township appealed and brought up by certiorari the record with all the evidence taken in the Quarter Sessions.

The appellant assigned this error :—

"The court erred in discharging and vacating the order of removal; they should have confirmed the order and vacated the appeal."

*W. A. Wallace,* for appellant, argued on the merits as shown by the evidence taken in the court below.

*H. B. Swope,* for appellees.—The decision of the Quarter Sessions is final: Act of 13th of June 1836, §§ 19, 44, Pamph. L. 546, 550 ; Purd. 798, 801, pl. 28, 49 ; Mauch Chunk *v.* Nescopeck, 9 Harris 49 ; Mifflin *v.* Elizabeth, 6 Id. 19 ; Commonwealth *v.* Gurley, 9 Wright 393 ; Derry *v.* Brown, 1 Harris 389.

The opinion of the court was delivered, April 2d 1868, by

STRONG, J.—This is an appeal from an order of the Court of Quarter Sessions, vacating an order for removal of a pauper, made by two justices of the peace. It is accompanied by a certiorari to bring up the record. It is almost needless to say that in such a case no appeal can be taken to this court. The 19th section of the Act of June 13th 1836, enacts that " any person aggrieved by an order of removal made by magistrates may appeal to the next Court of Quarter Sessions for the county from which such poor person may be removed and not elsewhere, and if there be any defect of form in such order, the said court shall cause the same to be amended without cost to the party and after such amendment, if the same be necessary, shall proceed to hear and determine the cause upon its truth and merits." The 24th section enacts that " if any magistrate shall refuse to grant a warrant or order of removal as aforesaid (that is as described in the 16th section), it shall be lawful for the overseers aggrieved by such refusal to appeal to the next Court of Quarter Sessions of the county in which such magistrates reside, who shall thereupon hear and finally

[Bradford Township *v.* Goshen Township.] .

determine the same." And the 44th section enacts that "if any person shall be aggrieved by the judgment of any one or two magistrates in pursuance of this act, he may appeal to the next Court of Quarter Sessions for the county in which such magistrates reside (except in cases herein specially provided for), whose decision in all such cases shall be final and conclusive." It is manifest from these provisions that the statute contemplates no appeal to this court, and no hearing of the merits after they have been determined by the Court of Quarter Sessions. And so it has been decided in Mifflin Township *v.* Elizabeth, 6 Harris 17; and in Mauch Chunk *v.* Nescopeck, 9 Id. 49, the same thing was asserted. The appeal must therefore be dismissed. There remains then nothing for us to examine but the regularity of the proceedings, as they appear in the record brought up by the certiorari, and of that there is no complaint. The single assignment of error is that the court erred in discharging and vacating the appeal. We are thus invited to decide this case upon the merits, as if it was an appeal to us. This we cannot do. · The certiorari brings up nothing but the record. We cannot look outside of that to determine where the settlement of the pauper was, and neither the evidence returned nor the opinion of the court justifying the judgment is any part of the record. In some of the earlier cases, it is true, this court has, on the hearing of a certiorari, considered the evidence alleged to have been submitted to the Court of Quarter Sessions. But this erroneous practice has been corrected. In Overseers of South Huntingdon *v.* Overseers of East Huntingdon, 7 Watts 527, it was decided that the redress we can give is confined to a review of the regularity and legality of the proceedings. The same thing was intimated at least in Shippen *v.* Gaines, 5 Harris 38. In Derry *v.* Brown, 1 Harris 399, which was a proceeding under the Act of 1836, though not an order of removal and a certiorari, it is said there is no mode provided in the law by which the facts can be legitimately before this court, that neither the opinion of the court nor the evidence given in the Quarter Sessions, compose any part of the record, or can be made so by any form of proceeding pointed out by the law; and in Mauch Chunk *v.* Nescopeck, 9 Harris 46, it was carefully ruled that the evidence is not brought up by a certiorari to the Quarter Sessions in a question of settlement, and that though the judge may incorporate the facts into his opinion, the legal effect is the same, as the opinion is no part of the record. The case distinctly rules that as to the merits of such cases the decisions of the Quarter Sessions are final and conclusive, and this is in accordance with the general doctrine with regard to writs of certiorari. The law has furnished no mode by which evidence given in the Quarter Sessions, or the opinion of the court, can be brought upon the record. No bills of exception have hitherto been allowed. At the present session of the legisla-

7 P. F. SMITH—32

[Bradford Township *v.* Goshen Township.]

ture an attempt has indeed been made to assimilate proceedings for the removal of paupers to trials in Courts of Common Pleas, so far as to allow bills of exceptions, but in the record now before us no exception appears to have been taken. We have then nothing that enables us to review the merits of the judgment given in the court below; and as the proceedings are regular upon their face, the order vacating the order of removal made by the justices must be affirmed.

Order of the Court of Quarter Sessions affirmed.