† INHABITANTS OF FRANKFORT, *Petitioners for certiorari, versus* COUNTY COMMISSIONERS OF WALDO.

By § 11, c. 33, R. S., it is provided that when a fire breaks out in any town, and the firewards are not present, a major part of the selectmen present, shall have the power to direct any building, to be pulled down or demolished, as they may judge necessary, to prevent the spreading of the fire.

And when, in the absence of any firewards, *one* only of the selectmen is *present* at such fire, *he* is vested with the authority contemplated by this statute provision.

PETITION for a writ of *certiorari.*

A fire broke out in the village of Frankfort, on which occasion a building, belonging to one Daniel Tobey, was torn down to prevent the progress of the fire.

But the fire was subdued before it reached the place occupied by this building.

At that time there were no firewards in Frankfort; and but two selectmen. One of them only was present at the fire.

The owner of the demolished building alleged that it was destroyed by order of Amos Sproule, the selectman, which was denied; and he claimed reasonable compensation from the town, which was also denied at a meeting of the qualified voters thereof.

Daniel Tobey, thereupon, petitioned, at the succeeding term of the Commissioners of that county, that they would award him a reasonable compensation for his loss.

On the question whether Sproule directed the demolition of the building, there was much evidence on both sides.

The Commissioners held, that it was competent for one selectman, when there were no firewards, and only one selectman present, to direct the pulling down or demolition of a building, under the circumstances of the case at bar, and bind the town thereby; and a majority of the board held, that Sproule gave such directions.

They also held, that the petitioner was entitled to a reasonable compensation by § 15, c. 33, R. S., though no

directions were given by any officer, selectmen or firewards, as is contemplated by 10th, 11th, or 12th sections of the same chapter, and rendered judgment for the petitioner in the sum of $366.

To quash these proceedings for the errors of the Commissioners, the writ of *certiorari* was prayed for by the inhabitants of Frankfort.

*Dickerson*, for petitioners.

The judgment of the Commissioners was erroneous, because there being but one selectman present, he had no authority to give any binding order for the destruction of a building. In the absence of the firewards, a "major" part of the selectmen present shall have the same power" as firewards. R. S., c. 33, § 11.

No *selectmen* were present, and there can be no "major part of undivided unity." The 10th § requires the concurrence of three firewards for such a purpose. So the 11th § requires, at least the concurrence of two minds.

It is a high prerogative the statute devolves upon selectmen to destroy one man's property to save that of another, and to deplete the town treasury at will. It is against the policy of the law, that such power should be vested in one man.

The 11th § is to be construed in connexion with the 12th, and the latter provides, that if no selectman be present, two or three civil officers, or in their absence military officers, shall have the same power as firewards. No selectmen were present, and the authority devolved upon the others mentioned.

This construction is in harmony with rule 2, § 3, c. 1. R. S.

The judgment of the Commissioners is also erroneous, because they adjudged that the petitioner before them was entitled to relief under § 15 of c. 33, thus making the town liable at the caprice of persons present at such fire.

If their judgment is correct, then the statute provides, that town officers may under certain circumstances bind the

town; and in the same chapter, that the town is bound, whether the officers perform the duty assigned them or not.

On both grounds assumed by the Commissioners, their judgment is erroneous.

*Hubbard,* for the original petitioner, maintained the correctness of the judgment of the Commissioners on both the grounds taken by them.

RICE, J. — The office of a writ of *certiorari* is to bring up the records of inferior tribunals for examination. If those records disclose a want of jurisdiction, or error in point of law, they may be quashed. But if the question presented is whether a subordinate tribunal has erred in the matter of fact submitted to its judgment, we cannot revise its decision. *Hayward, petitioner,* 10 Pick. 359.

Whether Sproule did or did not give directions for the demolition of the building which is the subject of controversy, is a question of fact. That question was contested before the County Commissioners, and by them decided upon such evidence as the parties produced for their consideration. On that point the decision of the Commissioners is final.

But whether Sproule had authority to act in the premises, is a question of law, arising upon the facts disclosed. It appears that there were no firewards, and but two selectmen in the town of Frankfort, at the time the fire occurred.

Section 10 of c. 33, R. S., provides, that when any fire shall break out in any town, the firewards shall immediately attend at the place, with their badges of office; and when there, any three of them shall have power to direct any building to be pulled down or demolished, as they may judge necessary to prevent the spreading of the fire.

Section 11 provides that if such firewards be not present, a major part of the selectmen present, shall have the same power.

Sproule was one of the selectmen; he was the only one of the selectmen who was present; he, therefore, not only

constituted the major part, but all of that class of officials who were present. His authority to act in that contingency is clearly conferred by the provision- of the section last cited.

But it is contended that the language of the section next succeeding, is inconsistent with such a construction. There may be a grammatical incongruity between the sections. But that would be a forced construction, which should divest citizens of powers expressly conferred, because the section of the statute conferring such powers is. referred to in another section, in a manner not consistent with the most approved rules of grammar. The Legislature has provided rules by which such results will be obviated. R. S., c. 1, § 3, clause II.

The decision of the County. Commissioners being correct on this point of law, it becomes unnecessary to examine the other question presented.                *Writ denied.*