[No. 293.   January 21, 1889.]

## IN RE EDWARD C. HENRIQUES, Ex PARTE.

ADMINISTRATORS—REVOCATION OF LETTERS OF ADMINISTRATION—JURIS-
DICTION OF PROBATE COURT.—By section 562, Compiled Laws, New
Mexico, the probate judges have exclusive original jurisdiction in the
granting and revoking of letters testamentary and of administration.

ID.—ADMINISTRATOR DE BONIS NON, REVOCATION OF LETTERS OF ADMIN-
ISTRATION OF—APPEAL FROM PROBATE COURT TO DISTRICT COURT—
CERTIORARI TO REVIEW ACTION OF PROBATE COURT REQUIRING
BOND—MOTION TO QUASH PROPERLY SUSTAINED, WHEN.—On an
appeal to the district court, by an administrator de bonis non, from
an order of the probate court revoking his letters of administration,
where the administrator was required to give bond, a motion to quash
a writ of certiorari to review the action of the probate court in requir-
ing the bond, was properly sustained.   A distinction is made between
those cases where a party sues as administrator, or executor, and
where he sues personally or in his own right. In the former case no
bond is required, but in the latter it must be given. By an appeal, the
record and proceedings of the probate court are brought into the district
court as fully as by certiorari; and there is no reason why this writ
should be allowed. The writ of certiorari, at common law, is not a
writ of right, but issues in the discretion of the court, for good cause
shown; and, if improvidently issued, may be quashed.

ID.—CERTIORARI, JUDGMENT OF PROBATE COURT NOT REVIEWABLE UPON,
WHEN.—In such case the probate court is the judge of the weight of
the evidence, and its decision on any issue of fact is not reviewable
upon certiorari, on appeal, where there is any competent evidence to
support it.

APPEAL from a judgment of the Second Judicial
District Court, Valencia County, quashing the writ of
certiorari and dismissing the case. Judgment affirmed.

The facts are stated in the opinion of the court.

NEILL B. FIELD for appellant.

By section 531, Compiled Laws, New Mexico, 1884, the district courts have appellate jurisdiction from the judgments and orders of the probate judges and justices of the peace in all cases not prohibited by law, and possess a superintending control over them.

By section 563, appeals from the judgments of the probate court are allowed to the district court in the same manner as in case of appeals from the district to the supreme court.

Appeals from the district court to the supreme court are regulated by sections 2185, 2186, 2187; and by section 2187 upon an appeal being made, the district court is required to make an order allowing the same, and it is provided that such allowance shall stay the execution where the appellant is an executor or administrator, and the action is by, or against, him as such.

It is insisted that the appellant in this case is an administrator, and that the proceeding to remove is against him as such, and that he is entitled to an appeal, and a stay of execution without giving any bond. In re Pierson, 13 Iowa, 449; Roberts v. Wheeler, 1 Wright (Ohio), 697; Ulery v. Ulery, Id. 631; Maule v. Shaffer, 2 Pa. St. 404; 1 Williams' Ex'rs, 589, note 1; Gaine v. Henderson, 5 Yerg. (Tenn.) 197; Daniels v. Gregg, 13 Tex. 384. See, also, Territory v. Valdez, 1 N. M. 553; State ex rel. Talmadge v. Flint, County Judge, 19 Wis. 655; 2 Tidd's Practice, 1153.

FISKE & WARREN and J. FRANCISCO CHAVES for respondent.

The statute regulating the appeal provides that the execution shall be stayed without bond only where the

appellant is an executor or administrator, and the action is by, or against, him as such.    Comp. Laws, N. M. 1884, sec. 2187.

A distinction is made between cases where the action is by or against executors and administrators in their official capacity, and where they sue or are sued personally, such as an order for removal, for cause shown.    Wade v. Colonization Soc., 4 Smede & Marshall (Miss.), 670; Mullanphy v. County Court, 6 Mo. 563; Harney v. Scott, 28 Mo. 333; McCauley v. Griffin, 4 Gratt. 9; Pugh v. Jones, 6 Leigh (Va.), 299; Irving v. Melton, 27 Ga. 330; Commonwealth v. Orphans Court, 10 Pa. St. 37; Trustees v. Davenport, 7 Iowa, 214; Pierson's Ex'rs, 13 Id. 450.

It has been held elsewhere that an appeal does not lie from an order removing an administrator.    15 Ohio St. 404.    But, conceding that our statute gives an appeal in such case, it is expressly subject to the restrictions before mentioned.    Comp. Laws, 1884, secs. 563, 2187.

It may be doubted whether our statute, regulating appeals, permits supersedeas, upon entering into recognizance, in any other than money judgments.    Ex parte Floyd, 40 Ala. 116.

A liberal construction has, however, sanctioned such practice.    But where the statute does not prescribe the amount of the bond, it is in the discretion of the court, granting the appeal, to fix the amount. Commonwealth v. Orphans Court, 10 Pa. St. 37.

This court has held that a bond on appeal from the probate court is as necessary as a condition precedent to supersedeas as in cases appealed from the district court to the supreme court.    Chaves v. Perea, 3 Gil. (N. M.) 89.

Upon a certiorari only errors of law will be reviewed.    The probate court is established by the organic act.    Comp. Laws, 1884, sec. 1907, p. 70.    The

administration of estates of decedents is within the well established scope of its jurisdiction and powers. Ferris v. Higley, 20 Wall. 375.

It has, by statute, exclusive original jurisdiction in all cases relative to the granting of letters testamentary and of administration, and the power to revoke the same. Comp. Laws, 1884, secs. 562, 1366.

The probate court had full jurisdiction of the person and the subject-matter in question in this case, and the order of removal complained of was in all respects regular, and is only subject to review on appeal, and not on certiorari. Edgar v. Greer, 14 Iowa, 211; Matter of Buckner, 9 Ark. 73; Swan v. Mayor, 8 Gill. (Md.) 150; Chicago, Etc., R'y Co. v. Whipple, 22 Ill. 105; Stone v. Mayor, Etc., 20 Wend. 104; Duggan v. McGruder, 12 Am. Dec. 527, and appended cases; 2 Chitty's Pr. 375, et seq.; Field's Lawyers' Brief, p. 599, sec. 731; Tidd's Pr. 397; O'Hara v. Hempstead, 21 Iowa, 33; Smith v. Parker, 25 Ark. 518; Farmington, Etc., Co. v. Commissioners, 112 Mass. 206.

In Territory v. Valdez, 1 N. M. 533, the probate court had no jurisdiction of the person of the removed administratrix by citation or appearance.

REEVES, J.—This is an appeal from the action of the district court of Valencia county in quashing the writ of certiorari and dismissing the case at the costs of the appellant. It appears from the petition of the appellant that he was appointed administrator de bonis non of the estate of Manuel A. Otero, deceased, by the probate court of Valencia county, on the tenth day of September, 1883. Afterward, on the twenty-first day of October, 1885, the probate court revoked and canceled his letters of administration. From this action of the probate court Henriques prayed an appeal to the district court, which was granted. The probate court fixed the amount of the bond to be given by Henriques to stay

the proceedings upon the order of the court revoking his letters at $150,000. Appellant alleges in his petition for a writ of certiorari that the evidence before the probate court was insufficient to justify the action of the court in revoking his letters. He claims that his appeal operated to stay the proceedings of the court, or, in any event, he was entitled to a stay of such proceedings upon the filing of such a bond as would reasonably be sufficient to secure all damages and costs which might accrue to the estate of the intestate, Manuel A. Otero. He charges that the order fixing the amount of the bond at $150,000 was made for the purpose of depriving him of his office of administrator, by making it impossible for him to furnish a bond in that amount; that he was able and willing to give such bond as should reasonably be required of him to stay the proceedings. He denies the jurisdiction of the court to require a bond of $150,-000. He states that the total cash value of the personal assets of the estate did not exceed $25,000; that he was under a good and sufficient bond in the sum of $100,-000 for the safe custody and disposition of the estate, and prays for a writ of certiorari to remove the cause from the probate court into the district court. Afterward, on the twenty-fifth day of November, 1885, the writ of certiorari was issued according to the prayer of the petition, and bond given by the petitioner in the sum of $25,000 to obtain a stay of the proceedings upon the order of removal, and conditioned to prosecute the writ without delay, and with effect, and to pay all costs and damages which might be adjudged against him by reason of the stay of such proceedings. Thereafter, at a regular term of the district court, on the twelfth day of April, 1886, the writ of certiorari was quashed by the court, and the cause dismissed. From this judgment of the district court the appellant prayed and obtained an appeal to the supreme court, and, having filed his affidavit and bond, the judgment was stayed

until the cause should be decided by the supreme court.

The appellant assigns as errors to his prejudice in this cause the action of the district court in sustaining the motion to quash the writ of certiorari; and dismissing the cause. First, that the writ of certiorari was properly granted, and was the appropriate remedy to reach and review the wrongful action of the probate court, and the judge thereof; second, that the persons who made this motion were not parties to the record, and had no standing in court which entitled them to be heard on such a motion; third, that if the motion was properly made, it amounted in law to a demurrer to the petition, and admitted the truth of all the allegations of the petition for certiorari; fourth, that the allegations of the petition for certiorari, if true, entitled the petitioner to the relief demanded; fifth, the order of the probate judge, requiring petitioner to give any bond to stay the execution of the order removing him, was and is without jurisdiction, and void; sixth, the action of the probate judge in requiring the petitioner to give a bond in the sum of $150,000 to stay the execution of an order removing him, was an abuse of discretion, which the appellant was entitled to have reviewed in the district court by certiorari. The authorities relied on to sustain the foregoing propositions are the following. By the statute of this territory (Comp. Laws, 1884, sec. 531) it is provided: "The district courts, in the several counties in which they may be held, shall have power and jurisdiction as follows: * * * Third. Appellate jurisdiction from the judgments and orders of the probate judges and justices of the peace in all cases not prohibited by law, and shall possess a superintending control over them." And by section 563 it is provided: "Appeals from the judgments of the probate court shall be allowed to the district court in the same manner, and subject to the same restriction,

as in case of appeals from the district to the supreme court." Appeals from the district court to the supreme court are regulated by sections 2185–2187; and by section 2187 it is provided: "Upon the appeal being made, the district court shall make an order allowing the same. Such allowance shall stay the execution in the following cases, and no others: First. When the appellant shall be executor or administrator, and the action by, or against, him as such." It is insisted that the appellant in this case is an administrator, and that the proceeding to remove was against him as such, and that he, on the facts stated in the petition, was entitled to an appeal and a stay of execution without the execution of any bond.

In the case of Wade v. Colonization Society, 4 Smedes & M. (Miss.) 670, the distinction in the cases ADMINISTRATOR: where a party sues as administrator, or bond on appeal. executor, or personally, is clearly shown. The court said: "An executor is entitled to an appeal without surety when the judgment or decree is to affect only the assets of the deceased in the hands of the executor. It is otherwise where a personal judgment can be rendered against him, in which he may be responsible out of his own estate." The case of Daniels, Administrator, v. Gregg, 13 Tex. 384, was an appeal by the administrator from an order of the county court for a partition of the estate of the deceased, and it was held by the court that the administrator was not required to give an appeal bond. In the case of Battle, Adm'r, v. Howard, 13 Tex. 345, the court said: "Where an administrator is personally aggrieved by a judgment or decree of the county or district court, and desires to appeal in his own right, he must give bond. The statute dispenses with appeal on the part of executors and administrators in suits brought against the estate for money or property." In the case of State ex rel. Talmadge v. Flint, County Judge, 19 Wis. 655, the court said: "That on an application of a party desir-

ing to appeal from an order of the county judge the circuit court might make an order directing the county judge to fix the penalty of the appeal bond, or to approve the bond if he improperly refused, or might itself fix the penalty and approve the bond, so that the right of appeal shall not be lost." The applicant for appeal from the judgment of the county court had prepared an appeal bond, and requested the county judge to approve it and to allow the appeal, which he refused to do, and declared that he would not approve the bond in a sum less than the value of the property, stating the value. This was an application for the writ of mandamus, and not a certiorari. Reference is also made to the case of Mullanphy v. St. Louis County Court, 6 Mo. 564.

One of the grounds of the motion to quash the writ of certiorari was that the appeal taken and allowed from the order revoking Henriques' letters of administration was pending in the district court. An appeal brings the record and proceedings of the probate court into the district court as fully as could be done by the writ of certiorari, and the trial in the district court is on both the law and the facts of the case. Where redress can be obtained by appeal pending in the court at the time, there is no apparent reason why the certiorari should be allowed. Petty v. Jones, 1 Ired. 408; Savage v. Gulliver, 4 Mass. 178; Harwood v. French, 4 Cow. 501; Smith v. Parker, 25 Ark. 518, 12 Am. Dec. 527, and notes. The writ of certiorari at common law is not a writ of right, but it issues in the discretion of the court for good cause shown, or, if improvidently issued, it may be quashed. 1 Tidd, Pr., c. 16, p. 397, etc., and notes; Munro v. Baker, 6 Cow. 396; Flournoy v. Payne, 28 Ark. 87; Kegs v. Marin Co., 42 Cal. 252; People v. Supervisors, 15 Wend. 198; Knapp v. Heller, 32 Wis. 467; Freeman v. Oldham, 4 Mon. 420; 6 Mass. 72; Duggen v. McGruder, 12 Am. Dec. 527, and notes. The appellant alleges in his petition that the evidence

produced before the probate court, and upon which was based the action removing him as administrator, was wholly insufficient in fact and in law to justify such action.   The probate court was the judge of the weight of the evidence, and his decision of an issue of fact can not be reviewed upon certiorari, if there was any competent evidence to support it.   The error to be reviewed on this writ must be error of law.   The evidence is not set forth in the petition.   Starr v. Trustees, 6 Wend. 564; Ex parte Hayward, 10 Pick. 358; Baldwin v. Calkins, 10 Wend. 167; Frankfort v. County Commissioners, 40 Me. 389; Overseers v. Brown, 13 Pa. St. 389; Overseers v. Overseers, 7 Watts, 527; Chicago Railroad Co. v. Whipple, 22 Ill. 381, 12 Am. Dec. 527, and notes.   The supreme court of this territory has decided that the district courts of the territory have jurisdiction to issue this writ to the probate courts in the exercise of their superintending control over them, by virtue of their chancery and common law jurisdiction.   Territory v. Valdez, Probate Judge, et al., 1 N. M. R. 533.   In this case the court said: "The failure to take an appeal does not preclude a party from the benefit of the writ of certiorari in a case where the probate court had no jurisdiction of such party by appearance or service of process."   In the present case it is shown that the appellant, in the probate court, appeared in person and by counsel at the time the order revoking his letters of administration was made by the court.

*JUDGMENT of probate court not reviewable upon certiorari, when.*

By section 562, Complied Laws, New Mexico, it is provided, among other things, that the probate judges shall have exclusive original jurisdiction in the granting of letters testamentary and of administration, and the repealing of the same.   It appears that the probate court had jurisdiction of the person of appellant, and

*JURISDICTION of probate judges in granting letters testamentary and of administration.*

of the subject-matter before it. The appellant was entitled to an appeal to the district court, but he was not entitled to a stay of the proceedings of the probate court, without bond. The revoking of his letters of administration affected him personally, and he was not exempted by the statute from giving an appeal bond, if he desired to stay the proceedings. The judgment of the district court is affirmed.

LONG, C. J., and HENDERSON, J., concur.