## SMITH *v.* PARKER.

NOTICE OF PROCEEDINGS: The mere *order* of a court or judge, directing the issuing of process for the commencement of an action, or the removal of proceedings from an inferior to a superior tribunal, does not come within the provisions of the act of February 17, 1859, entitled "An act to prevent fraud and oppression under color of judicial process."

WRIT OF CERTIORARI. Where a party appears, in response to a writ of *certiorari*, and defends, he *waives* the objection of want of notice of the application for the writ.

Where a *party neglects* to appeal from the judgment rendered by a justice, in a garnishment proceeding, and shows no excuse for such neglect, a writ of *certiorari* to bring up the record is *improvidently issued.*

APPEAL FROM JUSTICE OF THE PEACE. An *appeal* to the circuit court lies from the judgment of a justice of the peace in a garnishment proceeding.

JUSTICE OF THE PEACE—*power to vacate judgment.* A justice has power to *set aside* a judgment by default, in a garnishment proceeding, and *grant* a new trial.

*Appeal from White Circuit Court.*

Hon. JOHN WHYTOCK, Circuit Judge.

WATKINS & ROSE, for appellant.

The court might set aside the judgment by default, against the garnishee, at any time within fifteen days. *Gould's Dig.,* 665, *secs.* 86 *and* 90; *Wilson v. Phillips,* 5 *Ark.,* 183, 185.

The court can only quash on *certiorari* where the record shows that the judgment is wholly void. *Hill v. State,* 17 *Ark.,* 440; *Redmond v. Anderson,* 18 *id.,* 449; *Jefferson county v. Hudson,* 22 *id.,* 595; *Denton v. Boyd,* 21 *id.,* 264; *Miller v. McCullough, id.,* 426; *Dicus v. Bright,* 23 *id.,* 107; *id.,* 228; *Rightor v. Gray,* 24 *id.,* 122.

The proceedings quashed were entirely regular. *Gould's Dig.,* 665, *secs.* 90, 91; *Acts* 1858, 172.

TURNER and CLARK & WILLIAMS, for appellee.

The justice of the peace had no authority to set aside the judgment against the garnishee. The proceeding before him was by judicial garnishment, under chapter 79, Gould's Digest, which gives no authority whatever to the justice to set aside the judgment, after the day and term of his court at which it was rendered. Sections 88 to 91, chapter 99, have no application to judicial garnishments, but only to ordinary suits instituted by summons, according to the practice prescribed by that chapter; in which cases judgment by default or non-suit are set aside to allow the party a new trial; but, in this case, there was nothing to try anew. No answer had been filed and there was no issue to try. The allegations of the plaintiff had been filed; the garnishee had appeared and obtained time to file his answer. This time came and he failed to answer. By this failure he admitted his liability, and judgment went against him as of course, by operation of law, without any trial. *Gould's Dig.*, 556; *sec.* 9; *Wilson v. Phillips*, 5 *Ark.*, 183.

The errors of the justice could be corrected only by *certiorari*. An appeal would have been useless. The case, on appeal, could only be tried *anew on its merits*, without regard to the *errors* of the justice. *Dig.*, chap. 99, sec. 185.

On appeal, the same *cause* of action, and none other, can be tried. *Ib.*, *sec.* 196; *Ball v. Kuykendall*, 2 *Ark.*, 195.

WILSHIRE, C. J.

It appears, from the transcript of the record in this cause, that, on the 16th day of March, 1861, Carter Parker obtained judgment against one R. C. R. Petty, for $100 debt, and $7 $\frac{21}{100}$ damages and costs of suit, before Milton Saunders, a justice of the peace for Gray township, in White county.

On the 7th day of January, 1868, Parker sued out a writ of garnishment on said judgment against J. F. Smith, returnable on the 8th day of February, 1868. " On the return day of the

writ of garnishment," says the record, "the parties, by their respective attorneys, appeared, and the plaintiff filed his allegations and interrogations in writing, whereupon the defendant asked for three days' time, allowed by law, to make and file his answer, &c., which time was granted by the justice, and the cause adjourned to the 13th day of the same month; and on the day to which the cause was adjourned, the garnishee failing to answer the allegations and interrogations of the plaintiff, the justice rendered judgment against him for the amount of the judgment, in favor of the plaintiff, against Petty, and the interest and cost thereon. On the 21st day of the same month, the defendant, Smith, applied to and obtained from the justice of the peace an order setting aside the judgment against him and granting a new trial, to be heard on the 14th day of March, following, and the justice issued notice of that order to the plaintiff, Parker.

At the new trial, the plaintiff appeared, by attorney, and moved the justice to vacate the order setting aside the judgment against the garnishee, and granting a new trial, upon the grounds:

1. That the justice's court had no jurisdiction.

2. That said order was made without any notice to the plaintiff of the application therefor.

3. That no merits or cause was shown, or offered to be shown, by said garnishee, for setting aside said judgment.

The justice overruled the motion, and allowed the garnishee to answer, and upon his answer the justice discharged him, and rendered judgment against the plaintiff for costs.

The judgment of the justice, discharging the garnishee and against the plaintiff for costs, was, upon review by the circuit court, upon *certiorari*, quashed, and the original judgment against the garnishee affirmed.

The defendant in the circuit court moved the court to set aside the judgment and to grant a new trial. The court overruled the motion, and the defendant excepted and appealed to this court.

The appellant, in his motion for a new trial, set up as grounds therefor that the writ of *certiorari* should have been dismissed, and the judgment of the justice in favor of the garnishee affirmed :

1. Because the writ of *certiorari* was issued without notice to him of the application therefor.

2. Because the statute referred to, as rendering void the said judgment of the said justice, for want of notice, &c., does not apply to proceedings of justices of the peace, in setting aside judgments rendered by default, or on non-suit.

The mere order of a court or judge, having for its object only the issuance of a writ or process, for the institution of a suit, or removal of the proceedings of an inferior tribunal into a superior one, does not come within the operation of the act of the General Assembly, approved February 17, 1859. *Pamphlet Acts*, 1859, *p.* 172. That act provides " that all judgments, orders, sentences and decrees made, rendered or pronounced by any of the courts of this State against any one, without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences, or decrees, shall be absolutely null and void." The office of the writ of *certiorari* was only to bring the record of the proceedings and judgment of the justice of the peace into the circuit court, and was in the nature of a new proceeding instituted in the circuit court, for the purpose of reviewing the proceedings of the justice of the peace, and was necessary before any judgment, order, sentence, or decree, could be made, rendered, or pronounced upon the review, by the circuit court, of the proceedings of the justice of the peace.

We are of the opinion that the statute was intended to protect persons, parties litigant, against the proceedings therein mentioned in causes pending in courts after their institution by writ of process. This, we think, is clearly inferable from the title of the act, which is "An act to prevent fraud and oppression under color of judicial process."

Suppose that the issuance of the writ of *certiorari*, and

bringing the proceedings of the justice of the peace into the circuit court, had been all that had been done in this case, would there have been any injury done to, or fraud or oppression practiced upon, the garnishee in the justice's court? We think it would not be contended that there had.

It is undoubtedly true that, after suit has been instituted by suing out process, or brought from an inferior into a superior tribunal, by any of the modes known to the law, any judgment, order, or sentence, or decree, made, rendered, or pronounced therein, without notice, actual or constructive, to the person against whom the same is made, would be null and void. But, by the transcript of the record in this case, it appears that the appellant appeared, by his attorney, in the circuit court, and defended the proceeding in that court, by which he waived notice.

It is insisted, by counsel for the appellee, that the justice of the peace had no authority to set aside the judgment against the garnishee; that sections 88 to 91, of chapter 99, Gould's Digest, applies only to ordinary suits instituted by summons, as prescribed by that chapter, and that the authority conferred by chapter 99, to set aside judgments by default, or of nonsuit, and grant a new trial, by a justice of the peace, had no application to the garnishment proceedings authorized by chapter 79 of Gould's Digest.

This, we think, is well settled by this court, in the case of *Mitchell use Rogers v. Wood*, 11 *Ark.*, 180, which was an action by attachment before a justice of the peace, and appeal taken to the circuit court. There it was insisted that the circuit court had no jurisdiction, as the statute, authorizing proceedings by attachment, before justices of the peace, does not grant an appeal from their judgments in such cases. In that case the learned judge said: "None of the authorities cited sustain the objection that the appeal was unauthorized, but they simply go to the extent of supporting a general doctrine of the law, long and well settled, that statutory remedies, out of the course of the common law, are to be construed strictly,

because such militate against common right, and are supposed, in general, to be harsh, energetic, and effective in their operation, and easily perverted to the purposes of oppression. And, so far from this doctrine being in support of the position assumed in this case, it is, in its legitimate operation, directly to the contrary, because the reason upon which it is based invincibly forbid its application, alike to such statutory means enacted along with the remedy itself, to ameliorate its effective harshness, as to all the other means for its resistance, that are afforded by the general law."

In the case of *Patterson v. Hornland*, decided by this court, and reported in 12 *Ark.*, 160, it was held that an appeal would lie from the judgment of a justice of the peace on a proceeding by garnishment. Chapter 79, of Gould's Digest, authorizing such proceedings before justices of the peace, does not provide for an appeal from such judgments.

If the appeals authorized by chapter 99 will apply to judgments rendered by justices of the peace in garnishment proceedings, authorized by chapter 79, of which we have no doubt, the same principle would seem to authorize a justice of the peace to set aside a judgment by default, in garnishment proceedings, and grant a new trial, as in other cases.

The appellee, insists that the proceedings of the justice of the peace, in setting aside the original judgment against the garnishee, was had without notice to him, and therefore void. We think this position is not correct, for, as we have before said, the justice of the peace had the power to set aside the judgment by default against a garnishee, as provided by chapter 99, of the Digest, in other cases; and the garnishee having the right, by statute, to apply to the justice, within fifteen days after the rendition of the judgment against him, to have the judgment, by default, set aside and a new trial granted, and until after the expiration of that time the judgment was *in fieri*, and it was the duty of the appellee to keep himself advised of what was being done in his cause.

It is also insisted, by counsel for the appellee, that the errors

of the justice of the peace could be corrected only by *certiorari*, and that an appeal would have been useless. We think, from a careful examination of this case, that the remedy of the appellee was ample and complete, by appeal from the judgment of the justice of the peace, had he availed himself of it. But the record does not show that he applied for an appeal, or made and filed the necessary affidavit and bond to obtain it, nor does his petition for *certiorari* show any excuse for his not having done so ; therefore, upon this appearing to the circuit court, upon an examination of the proceedings of the justice's court, that court ought to have quashed the writ of *certiorari*, as having been improvidently issued, and that the circuit court erred in quashing the judgment of the justice of the peace against the appellee. For this error the judgment of the court below is reversed, and the cause remanded, with direction to that court to quash the writ of *certiorari*.