## TURNER v. ALEXANDER, AS GUARDIAN.

1. GUARDIAN's BOND : *Omitting given name of wards: Separate bonds.*

   A guardian's bond is not void or ambiguous for omitting the given names of the wards, when taken in connection with the probate court record of his appointment as guardian, which shows their names. Nor is a guardian's bond invalid for being made to several wards jointly; though it is better to make a separate bond to each ward.

2. GUARDIAN : *How he should sue.*

   A guardian may, by the statute, sue in his own name for the benefit of his ward; but it is better that the suit be in the name of the ward by his guardian.

3. MISJOINDER OF ACTIONS: *How corrected.*

   Misjoinder of actions can not be corrected by demurrer, but by motion to strike out.

APPEAL from *Phillips* Circuit Court.

Hon. M. T. SANDERS, Circuit Judge.

*John C. Palmer*, for appellant.

An infant must sue by his guardian or next friend. *Gantt's Dig.*, sec. *4491*. There was a misjoinder of parties and interests at law—three separate and distinct causes of action joined in one suit. *33 Ark., 658*.

The bond is void because it does not disclose who the beneficiaries are, and parol testimony was not admissible to ascertain the intention. The bond was not identified.

*J. P. Clarke*, for appellee.

1. The suit was properly brought in the name of the guardian. *Gantt's Digest*, secs. *4472, 4491; 21 Ark., 447*.

2. There was no misjoinder of parties. The accounts of the wards were kept separately and the sum due each definitely ascertained, and the practice in *33 Ark., 658*, avoided. *McLeod v. Scott, 38 Ark., 93*. Even if there was a misjoinder, demurrer was the proper way to reach the

defect. *39 Ark.*, *158*. There was no defect of parties. defendant as plaintiff could sue all or one. *Gantt's Dig.*, secs. *3557, 4479.*

3. The bond and the parties were duly identified by the allegations and proof. *6 Ark.*, *59; 10 Ark.*, *268*. And defendant was estopped to deny his liability upon it. *25 Ark.*, *108.*

4. Defendant's failure to answer, and his demurrer, admitted the truth of the allegations of the complaint, save the breaches and damages. *Gantt's Dig.*, sec. *4608.*

EAKIN, J. The appellee as guardian of three minors, B. W., Pleas. T. and S. S. Taylor. for whom he had been appointed by one order, under one bond, brought this suit at law, against Turner, one of the sureties on the bond of a former guardian, who had been removed, and in whose hands the probate court had, upon a final settlement, found a balance separately due each of the minors. That is to say, to B. W. Taylor, $214.83, Pleas. T, Taylor, $214.83, and to S. S. Taylor, $119.83. The former guardian was insolvent, and the other surety was dead.

The complaint alleges that the former guardian was duly appointed for the minors, by name, on the fifteenth of March, 1878, and that he became qualified thereto by the execution at the time, of the bond upon which suit was brought; but shows that, in the bond, the names of the minors were not duly filled in. The bond being in all other respects regular, described each of the three minors as —— Taylor, blanks being left for the initials. The copy of the judgment of the probate court incorporated in the complaint, finds the indebtedness to the several wards as above set forth, and orders payment to the successor of two of them only. The omission of the other is not noticed by counsel, and was obviously a clerical error. The plaintiff

·demands judgment in his own name for the sum total, for the use of his wards in their several proportions.

Turner demurred, 1st. Because the plaintiff had no legal capacity to sue. 2d. On account of defect of parties plaintiff. 3d. The same as to parties defendant, and 4th, generally.

The demurrer was overruled and the defendant declined to answer further. It was referred to a jury to ascertain the truth of the alleged breaches of the bond and to assess damages. They found for the plaintiff, for the use of B. W. Taylor, $195.50; for the use ·of Pleas T. Taylor, :$195.50, and for the use of S. S. Taylor, $100.50. Judgment was rendered for the aggregate amount, distributing the uses, however, according to the verdict. There was a motion for a new trial, a bill of exceptions, and appeal.

The questions presented by the transcript are :

, 1. Can a guardian sue in his own name, but disclosing the name of the ward, and professing to act in a fiduciary capacity; or must the action or suit be in the name of the ward by guardian?

2. In either case, can the separate interests of each ward be blended in one suit upon a bond given to secure them?

3. Is the bond set forth valid?

The verdict is supported by the evidence, and if there be no objection to the judgment, arising from the points above stated, it must be sustained.

1. GUAR-DIAN'S BOND. Omitting given names of wards. Disposing first of the last enquiry as determining the case, if answered in the negative, we find the bond set forth in connection with the averment that the guardian was on that day appointed by the probate court, as the guardian of the three Taylor children, giving their names; and that he filed this bond as such. The demurrer admits the facts.

No parol evidence is necessary to reveal the full and certain meaning of the bond, in connection with the admitted or-

Turner v. Alexander, as Guardian.

·ders of the probate court which are matters of record. It is unmistakably evident that it was given, and intended, to ·secure fidelity in the management of the property of the three children for whom he was that day appointed. The ·omission to fill the blanks was doubtless accidental, but cer-tainly immaterial. There is no ambiguity where a judge can understand the instrument, with all the light afforded by collateral facts and circumstance, *Greenleaf on Ev., ·secs. 298-300.* The bond was valid, and as effective as if the guardian had executed three several bonds to secure ·each of his wards respectively. The latter is the better prac-tice, as the accounts, and settlements should be separate; and the guardianship, should be kept distinct from each ·other. Yet, where no injustice has been done, this court ·does not avoid the action of the probate courts for want of ·due form, in matters within their jurisdiction.

*Separate bonds.*

As to plaintiff's capacity to sue: At common law there was no warrant, nor authority for a suit by a guar-·dian in his own name for the benefit of the infant, al-·though he might disclose his fiduciary character and pur-·pose. Common law courts did not enforce trusts, nor im-pose them upon the fruits of their judgments. A judg-·ment like this now in question would have been at common law an anomaly. It resembles a decree in chancery. At law the action must have been brought in the name of the party having the legal right. The guardian could of course ·sue upon contracts made with himself; but not generally, for property or money of the infant. The latter was re-·quired to be a party to the action, which at first, he brought by guardian; and afterwards, by statute, might bring by *prochein ami.* In the case of *Stewart v. Grabbin, 6 Mun., 280,* the supreme court of Virginia reversed a judg-·ment, rendered in favor of a guardian in an action brought by himself, upon the ground that the action should have ·been in the name of the infant. That was trespass for an

*2. GUAR-DIAN.*

*How he should sue*

Turner v. Alexander, as Guardian.

assault and battery on the infant; but there is no difference,. in principle, between such an action, and one for a money demand for breach of an obligation. Such was the practice of this State before the code. *Sec. 4472 of Gantt's Digest*, being 28 of the Civil Code, provides that "an executor, administrator, guardian, trustee of an express trust, etc., * * * may bring an action without joining with him the person for whose benefit it is prosecuted." It is further provided by *sec. 4491 of Gantt's Digest*, (sec. 43 of the Code), that "the action of an infant must be brought by his guardian or his next friend." The last is but the ordinary expression of the common law rule, as altered by ancient statute; and we have the authority of Mr. Newman for saying that in Kentucky, from which State our code was taken, the old rule still prevails, and that "the action of an infant must now, as formerly, be brought in in the name of the infant *by* his guardian or next friend." This construction would confine the operation of the section first above quoted to cases where the contract is made with the guardian for the benefit of the infant, and in such cases to make an exception to the general provision ,. that the action must be brought in the name of the party really interested.

On the other hand it has been held in New York, under similar provisions, that a guardian may sue for an infant in his own name as such, being considered a trustee of an express trust, (*1st Waite's Practice referring to 56 Barb:,. 197*, and *8 Id., 52*.

Considering that the guardian alone has the right to receive the whole sum *in solido*, there is much force in the view that he is a trustee of an express trust, and we are not disposed to hold it reversible error, that he was allowed to prosecute the suit, as plaintiff, for the use of the wards,. instead of requiring the wards to be made plaintiffs, by guardian; although we are of opinion that the old practice

in such cases had better be preserved. The expression of the trusts under which he is to hold the proceeds when collected, should not vitiate the judgment.

It is not necessary to consider the question of misjoinder of actions. That cannot be met by demurrer, but should have been met by motion to strike out. Without such motion it must be considered as having been waived; saving always to the court the right, in its discretion, to refuse to proceed with the litigation in one suit of matters wholly disconnected, and affecting parties having no community of interest. Whether there was or not, strictly speaking, a misjoinder, this is not one that, in the interests of justice required the exercise of that discretion. The wards substantially, though not in form, occupied the position of joint obligees, who may join in an action for the recovery of separate sums, upon breach of the conditions of a bond, (see *secs. 4552–4553 of Gantt's Digest, Riley et al v. Norman, adm'r., 39 Ark., 158;* and on the last point, *McLeod v. Scott et als., 38th Ark., 72.*

Substantial justice has been done.

Affirm.

3. MIS-JOINDER: Not corrected by demurrer.