## EPPS v. SASBY ET AL.

1. PRACTICE: *Service: Appearance: Judgment.*
   A. and B. were sued before a Justice of the Peace on a debt. A. was not served with process and did not appear. B. appeared and asked for a postponement until his attorney could arrive. In due time his attorney came and moved to quash the service which was insufficient. The Justice refused to quash it; and B. saying nothing further, judgment was rendered against both defendants: HELD, on *certiorari* to quash it, that the judgment was void as to A. for want of service, but good as to B., who had voluntarily appeared.

APPEAL from *Pope* Circuit Court.

Hon. G. S. CUNNINGHAM.

*D. B. Granger*, for appellant.

There was no proper service on Epps. *Gantt's Dig., Sec.* 4511–4514. And the Justice had no jurisdiction to render judgment by default. Judgment without notice is void. *Ib., Sec.* 4738.

Epps only appeared for the purpose of moving to quash the return, and objecting to the Justice taking jurisdiction. This was not an appearance to the action. *Ib.*, 3736; 3 *Ark.*, 532; 5 *Id.*, 409; 18 *Id.*, 308; 1 *Id.*, 376; 5 *Id.*, 517; 20 *Id.*, 12. The judgment being void there was no remedy by appeal. *Rose Dig.*

*G. W. Shinn*, for appellee.

Epps having voluntarily appeared before the Justice, his only remedy was by appeal. Argues upon the merits, that Sasby was an innocent purchaser of the due bill for value, before maturity, and that Epps could not plead want of consideration, &c., &c.

Epps v. Sasby et al.

SMITH, J.  Sasby sued Steel & Epps upon a due bill made by them, in their firm name, for $20.62.  The constable returned service upon Epps by leaving a copy of process at his residence with a member of his family over the age of fifteen years.  As to Steel, he made a return of "*non est inventus.*"  At 10 A. M., of the day set for trial, Epps appeared and requested that the case be postponed until 1 P. M., in order to give his attorney time to arrive.  In due time the attorney came and moved the justice to quash the return upon the summons.  This the justice declined to do, and Epps saying nothing further, judgment was rendered against both defendants.

To quash this judgment, Steel & Epps sued out a writ of *certiorari*, alleging in their petition that the same was void, for want of jurisdiction over the persons of the defendants, and further, that the due bill, which was the foundation of the action, was made without consideration, and under the influence of false and fraudulent representation of the payee of the instrument.

On the hearing it was admitted that no valid service of the process had been made upon either Steel or Epps.  The circuit court in effect quashed the judgment against Steel, and affirmed it as to Epps.

With the justice or injustice of the original claim, and whether Epps was legally liable to pay it, if the action had been defended, we have nothing to do.  That matter has been forever set at rest by the adjudication of the justice, if there has been a valid one.  And the only method of correcting any error in the proceedings, after the question of jurisdiction is settled, was by prosecuting an appeal.

The judgment against Steel, being without notice to him, was absolutely void.  *Gantt's Dig., Sec.,* 4738.  But Epps was bound by his own voluntary appearance.  *Smith. v Par-*

*ker*, 25 *Ark.*, 518 ; *McCoy v. Lemons, Hempst.*, 216 ; *Ward v. Todd*, 103 *U. S.*, 327.

Affirmed.