HARGROVE, ET AL VS CHEROKEE NATION.

Opinion delivered September 25, 1902.

1. *Ejectment—Notice to Quit—Waiver of.*

In an action of ejectment the failure to serve a notice to quit upon the defendants before instituting the suit is waived by pleading to the merits.

2. *Pleadings—Verification—Dismissal for Want of.*

The want of verification of the complaint is not ground for dismissal if the verification is made before the trial, under Sec. 5086 Mansf. Dig. (sec. 3291 Ind. Ter. Stat.)

(1 9)

3.  *Indian Lands—Ejectment—Sufficiency of Complaint.*

A complaint, in ejectment, which states that the defendants were claimants to citizenship in the Cherokee Nation, that their claims were decided adversely, but they still hold possession of lands and improvements belonging to the Nation, states facts sufficient to constitute a cause of action and confer jurisdiction on U. S. Courts in Indian Territory under Sec. 3, Act of Cong. June 28, 1898.

4.  *Indian Lands—Ejectment—Parties.*

A third party who has under an agreement with the defendants, joined in taking and holding possession of the lands is a proper and necessary party in an action of ejectment brought under the special provisions of Sec. 3, Act of Cong. June 28, 1898 regarding ejectment of unsuccessful citizenship claimants, by reason of Sec. 4940 Mansf. Dig. (Sec. 3145 Ind. Ter. Stat.)

5.  *Parties Defendant—Misjoinder—Not Ground for Demurrer.*

A misjoinder of parties defendant must be taken advantage of by motion to strike, and not by demurrer.

Appeal from the United States Court for the Northern District.

Joseph A. Gill, Judge.

Action by the Cherokee Nation against J. S. Hargrove and others. Judgment for plaintiff. Defendants appeal. Affirmed.

On the 11th day of January, 1901, a mandate from the Court of Appeals was spread upon the records, and judgment entered in compliance with said mandate. On February 2, 1901, the defendants moved to dismiss, as follows: "(1) Because the plaintiff the Cherokee Nation at no time prior to the issuing of the summons in this cause served notice on the defendants to quit possession of the land sued for. (2) Because the complaint is not sworn to by the chief of the nation, or any other person or persons bringing suit in his own behalf. (3) Because

said complaint is sworn to by the pretended plaintiff, Claud
Shelton, for himself, who did not bring the suit on his own be-
half, and is not now a party to the complaint.    (4) Because the
complaint does not state facts sufficient to constitute a cause of
action.    (5) Because plaintiffs have refused and neglected to file
reply to defendants' answer within the time prescribed by the
court.    Signed M. M. Edmiston, Attorney for Defendants,"—
which motion was overruled, and on the same day plaintiff filed
a reply to the answer of Hargrove, and asks leave to amend the
complaint by making Samuel H. Conklin party defendant,
which was allowed; and on February 11, 1901, said amended
complaint was filed, and summons issued, which was, on May 13,
1901, returned served.    On December 4, 1901, defendants filed
demurrer to the amended complaints, as follows:    "Demurrer.
Now come the defendants herein, and demur to the complaint
filed herein for the following reasons, to wit:    (1) Because the
court has no jurisdiction of the defendants or of the subject of
the action; (2) because there is a defect of parties defendant; (3)
because the complaint does not state facts sufficient to constitute
a cause of action,"—which said demurrer was, on January 27,
1902, sustained as to defendant Conklin, and overruled as to
other defendants, and leave given plaintiff to amend, and on
January 30, 1902, plaintiff filed a second amended complaint,
and alleged that it is the owner and entitled to the immediate
possession of the lands and improvements described in said com-
plaint; that the lands upon which the improvements are were
patented to the plaintiff by the United States on December 31,
1838, and that defendants J. S. and Nancy Hargrove and Moses
and Alice Studebaker were claimants to citizenship in the Cher-
okee Nation, which claim has been decided adversely, and the
judgment has become final.    Said defendants, at the institution
of this suit, were holding and occupying said lands and improve-
ments as claimants to citizenship in the Cherokee Nation, and
defendant Conklin, on or about the institution of this suit, took

possession of said lands and improvements jointly with the other defendants, and plaintiff says: "That by some agreement, connivance, understanding, or combine with the said defendants in this case the said Conklin took possession of the lands and improvements in controversy in this case jointly with the other defendants, and entered into a combine or agreement with the said defendants whereby they would jointly hold the lands and improvements in controversy in this case contrary to and against the will of this plaintiff. The plaintiff alleges that the defendants herein are in the unlawful possession of the said lands and improvements; that they are not the owners thereof, or entitled to the possession of same; that this plaintiff is the absolute owner of the said improvements, and entitled to the immediate possession of same, and has been since the institution of this suit; and that the defendants unlawfully withhold the same from this plaintiff." Plaintiff further alleges that defendants Hargrove and Studebaker are intruders, and have not sold their improvements as provided by law; and plaintiff sets out in its complaint in full the act of the national council of the Cherokee Nation, approved September 30, 1895, and the amendments thereto, in one of which amendments it is provided as follows: "That the act of the national council approved Oct. 1st, 1895, authorizing the sale of certain intruder improvements, be and the same is hereby amended; that the sheriffs of the several districts are hereby authorized and required to sell all the improvements of intruders in their respective districts, who have been paid by the treasurer of the Cherokee Nation the appraised value of the same as provided in an act of congress approved March 3rd, 1893, and who have been tendered payment for the same together with all other improvements erected on the public domain of the Cherokee Nation by intruders since August 11, 1886." Plaintiff further alleges that said improvements were not sold as provided in said act, "but became from the date of the appraisement and the decision of the commission rejecting the defendants, who were

claimants to citizenship, and denying them the rights of citizenship, the absolute property of the Cherokee Nation;" that defendant Conklin has no right or title in the place, and acquired his right under and through the other defendants, and since the institution of this suit; that the original defendants were served with notice by the original plaintiff, C. S. Shelton, to vacate, and they failed and refused to do so; that said notice was served more than 30 days before the filing of this suit; that the rental value is $500 per year; and plaintiff asks judgment for possession of the lands and improvements and reasonable rents and costs. On January 31, 1902, defendants demur to said second amended complaint, as follows: "Now come the above-named defendants, by their attorneys, and demur to the amended complaint filed on January 30, 1902, for the following reasons, to wit: (1) That the court has no jurisdiction of the person of the defendant S. H. Conklin in this case, or of the subject of the action as to said defendant Conklin. (2) That the plaintiff has no legal, capacity to sue defendant S. H. Conklin, as alleged in said amended complaint. (3) That there is a defect of parties defendant. (4) That said amended complaint does not state facts sufficient to constitute a cause of action. Signed R. H. Landrum." And on the same day said demurrer is overruled, to which defendants except, and decline to plead further, whereupon the court submitted the amount of damages to a jury, who returned the following verdict: "We, the jury impaneled and sworn in the above entitled cause, find the issue for the plaintiff and against defendants, J. S. Hargrove, Nancy Hargrove, Moses Studebaker, Alice Studebaker, and Samuel H. Conklin, and assess plaintiff's damages at $770.00. Signed T. B. Sheehan, Foreman." And thereupon the court rendered judgment for possession of the lands and improvements and for damages, to which defendants excepted and prayed an appeal to this court.

*M. M. Edmiston,* for appellants.

*James S. Davenport* and *Will P. Thompson,* for appellee.

TOWNSEND, J.   The appellants have filed three specifications of error, as follows: "First, In overruling applicants' motion to dismiss, on the grounds:   Because the appellee at no time served notice on defendants to quit; because the complaint is not sworn to by the chief of the nation.   Second.   In overruling appellants' demurrer to second amended complaint, which sets out that the court has no jurisdiction of the person of the defendant Conklin, or the subject of the action as to him; because the plaintiff has no legal capacity to sue defendant Conklin; because there is a defect of parties defendant; and because said amended complaint does not state facts sufficient to constitute a cause of action.   Third.   That the court had no jurisdiction of defendants Hargrove and Studebaker for the reason the statutory notice was not served on them by appellee prior to bringing suit, as shown by the record."

The first error assigned is that appellee never served notice to quit upon appellants, and because the chief of the nation never swore to the complaint.   It appears that this case has been before this court, and is reported in 3 Ind. Ter. Rep. 478. The judgment of the lower court was reversed upon two grounds: First, for the error of said court in overruling the demurrer of the appellants; and, second, for the error of the court in sustaining the motion of appellee for judgment on the pleadings, for possession of the property, and for costs.   Had appellants stood upon their demurrer, and appealed to this court, the case would have had to have been dismissed as to appellee Shelton, as was held by this court in sustaining the first specification of error; but instead the appellants answered to the merits, and by so doing they waived the service of notice.   In Hibbard vs Kirby, 38 Ark. 105, Judge English says:   "Any defect in the summons of service was waived by filing an answer to the merits."   In Boyer vs Robinson, 6 Ark. 552, it is said:   "By appearing and pleading to the merits of the action, a defendant waives any objection that he

might otherwise take to the service of the writ." See, also, the following: "Appearance waives any defect or want of process." Murphy vs Williams, 1 Ark. 376; Jester vs Hopper, 13 Ark. 43; Hawkins vs Taylor, 56 Ark. 45, 19 S. W. 105, 35 Am. St. Rep. 82. "Appearance in response to writ of certiorari waives objections of want of application for the writ." Smith vs Parker, 25 Ark. 518. "Asking for a postponement of a trial held an appearance." Epps vs Sasby, 43 Ark. 545. "Jurisdiction of the person is obtained by service of process, or by voluntary appearance of the party, or by some means authorized by law." Works, Jur. Courts, p. 31, § 11; Callen vs Ellison, 13 Ohio St. 446, 32 Am. Dec. 448. As to the jurisdiction of the person: Works, Jur. Courts, p. 36, § 13; Freem. Judgm. § 119; 12 Am. & Eng. Enc. Law, 299; Damp vs Town of Dane, 29 Wis. 419; McCauley vs Murdock, 97 Ind. 229. "The appearance, to be special, must be on jurisdictional grounds. If upon any other ground, it is a general appearance, and gives the court jurisdiction." Green vs Green, 42 Kan. 654, 22 Pac. 730, 16 Am. St. Rep. 510; Burdette vs Corgan, 26 Kan. 102; Alderson vs White, 32 Wis. 308.

The want of verification of the complaint is not ground for dismissal if the same is verified before trial. See Mansf. Dig. § 5086 (Ind. T. Ann. St. 1899, § 3291), which is as follows: "Where complaints are filed without verification, as required by section 3260, the action shall not on that account be dismissed, if the verification be made on or before the calling of the action for trial." The third section of the act of June 28, 1898, provides as follows: "(3) That said courts are hereby given jurisdiction in their respective districts to try cases against those who may claim to hold as members of a tribe and whose membership is denied by the tribe, but who continue to hold said lands and tenements notwithstanding the objection of the tribe; and if it be found upon trial that the same are held unlawfully against the tribe by those claiming to be members thereof, and the member-

ship and right are disallowed by the commission to the Five Tribes, or the United States Court, and the judgment has become final, then said court shall cause the parties charged with unlawfully holding said possessions to be removed from the same and cause the lands and tenements to be restored to the person or persons or nation or tribe of Indians entitled to the possession of the same." Ind. T. Ann. St. 1899, p. 28, § 57s. The allegations of the second amended complaint are clearly within the foregoing statute, and are as follows: "That defendants J. S. and Nancy Hargrove and Moses and Alice Studebaker were claimants to citizenship in the Cherokee Nation, which claim has been decided adversely, and the judgment has become final. Said defendants at the institution of this suit were holding and occupying said lands and improvements as claimants to citizenship in the Cherokee Nation, and defendant Conklin, on or about the institution of this suit, took possession of said lands and improvements jointly with the other defendants; and plaintiff says: "That by some agreement, connivance, understanding, or combine with the said defendants in this case the said Conklin took possession of the lands and improvements in controversy in this case jointly with the other defendants, and entered into a combine or agreement with the said defendants whereby they would jointly hold the lands and improvements in controversy in this case, contrary to and against the will of this plaintiff." But appellants insist that, because appellee has not alleged that Conklin was a claimant to citizenship, and his claim adversely decided, therefore no jurisdiction as to his person or the subject of the action as to him can be exercised, although he is alleged to be jointly in possession of the premises with the other appellants.

Section 4940, Mansf. Dig. (section 3145, Ind. T. Ann. St. 1899), provides as follows: "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determina-

tion and settlement of the questions involved in the action."
The appellee having full authority under this statute to institute
this action against all the appellants but Conklin, and Conklin
having joined the other appellants in possession of the premises,
which is admitted by the demurrer, he became a necessary party,
and we think he was properly joined.    That a misjoinder of
parties defendant must be taken. advantage of by motion to
strike, and not by demurrer, is the correct practice, see the fol-
lowing:   "Misjoinder of defendants not a ground for demurrer."
Fry vs Street, 37 Ark. 42; Oliphint vs Mansfield, 36 Ark. 191.
"Nor can the question of misjoinder be taken advantage of at the
trial."    Railroad Co. vs Tyler, 36 Ark. 205; Vooker vs Robbins,
26 Ark. 660.    "That a motion to strike, and not a demurrer, is
the correct practice, there can be no doubt."    Tuttle vs Moore,
3 Ind. Ter. Rep. 712 (64 S. W. 585);; Gartland vs Nunn, 11 Ark.
720; Riley vs Norman, 39 Ark. ·162; Turner vs Alexander, 41
Ark. 254; Organ vs Railroad Co., 51 Ark. 261, 11 S. W. 96.    The
second amended complaint, in our judgment, contained all the
necessary allegations required by the statute, and was properly
verified by the chief of the Cherokee Nation, and the demurrer to
the same was properly overruled.

The judgment of the court below was correct, and it is
therefore affirmed.