BEAKLEY v. CUNNINGHAM.

Opinion delivered March 9, 1914.

1. SURETY BONDS—SUIT ON—PARTIES.—Where the bonds made by a guardian are payable to the State, an action on the same may be prosecuted either by the State as a trustee of an express trust, or by the real party in interest, that is, the person entitled to receive the money. (Page 76.)

2. GUARDIAN'S BOND—ACTION ON—PREREQUISITES.—In order to maintain a suit on a guardian's bond, there must be an adjudgment of his accounts by the probate court, and an order directing him to pay the amount found due to his wards, or to his successors in trust. (Page 76.)

3. GUARDIAN'S BOND—ACTION ON—JUDGMENT OF AMOUNT DUE.—Where the circuit court, on appeal from the probate court, settled the account of a guardian and directed him to pay the amount found due to his successor, the guardian will be required to pay the same, although the probate court failed to make a formal entry of the amount found by the circuit court to be due. (Page 77.)

4. GUARDIAN AND WARD—NEW BOND—LIABILITY OF BOTH BONDS.—Where a guardian secured a new bond with a new surety in the full amount, but there was no accounting, and no discharge of the old bond, both sureties are liable for a failure of the guardian to account for, and pay over to his successor, money received by him. (Page 78.)

5. GUARDIAN AND WARD—SETTLEMENT AND ACCOUNTING—INTEREST.— Where a guardian is removed and his accounts adjusted by the court and he is ordered to pay over the amount found due to his successor, his sureties are liable for interest from the time of the settlement. (Page 79.)

6. TRIAL—TRANSFER TO EQUITY—RIGHT OF SURETIES TO CONTRIBUTION.— Where two sureties are sued on their separate bonds for an amount found due by a guardian in the settlement of his account,

they have no right to transfer the cause to equity to settle the right of contribution between them, since this could be done as well in an independent suit. (Page 80.)

7. GUARDIAN AND WARD—SETTLEMENT OF ACCOUNT—CONCLUSIVENESS.— An order of the circuit court, on appeal from the probate court, settling the account of the guardian, after all claims were presented, is *res adjudicata* as to such claims in a subsequent action, for the amount found due by the settlement, and such order is conclusive against the guardian and the sureties on his bond. (Page 80.)

Appeal from Lawrence Circuit Court, Eastern District; *R. E. Jeffery,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an action instituted in the circuit court by W. A. Cunningham, as guardian of Sam and Jessie Moore, against J. N. Beakley, a former guardian of said minors, and United States Fidelity & Guaranty Company of Baltimore, Maryland, and American Bonding Company of Maryland, as sureties on the bond of Beakley, as such guardian.

The complaint alleges, in substance, the following: That at the October term, 1902, of the probate court for the Western District of Lawrence County, Arkansas, the defendant J. N. Beakley was by said court duly appointed as guardian of Sam Moore, Jessie Moore and Hurley Moore, minors. That on the 27th day of November, 1902, the said Beakley executed a bond, as such guardian, in the sum of $8,000, with the United States Fidelity & Guaranty Company of Baltimore, Maryland, as his surety. That on the 20th day of January, 1903, the said J. N. Beakley executed an additional bond in the sum of $4,000, as such guardian, with the United States Fidelity & Guaranty Company of Baltimore as his surety. That on the 7th day of November, 1903, the said Beakley executed an additional bond, as such guardian, in the sum of $15,000, with the American Bonding Company of Maryland as his surety. That at the April term, 1910, of said probate court, Sam Moore and Jessie Moore, having arrived at the age of fifteen years, elected to have W. A. Cunningham appointed as their guardian, instead

of the said J. N. Beakley, and said Cunningham was duly appointed by the probate court as such guardian. That on January 13, 1910, said Beakley filed his account as guardian, showing a balance due Sam Moore of $3,548.04, and the sum of $3,551.70 due to Jessie Moore, and that on appeal to the circuit court, said J. N. Beakley was ordered to pay to the plaintiff said sums, together with 6 per cent interest per annum from January 13, 1910, on or before January 1, 1912. That, in pursuance of said order, said Beakley paid a part of said sums, but that there is now due and unpaid a balance of $1,780.88 to Sam Moore, and $1,781.34 to Jessie Moore, with interest on said sums from August 30, 1912. That the failure of the defendant Beakley to pay said amounts to plaintiffs constitutes a breach of each of said bonds. The prayer is that plaintiff have judgment against each of the defendants for the amount sued for.

The defendants filed an answer and motion to transfer the case to equity and set up substantially the following state of facts: They alleged that the defendant J. N. Beakley, as guardian of said minors, was in possession of certain notes belonging to said minors, and was unable to collect the same, and that he is entitled to certain credits on his accounts with said minors; that said guardian after his discharge made a settlement of his accounts with said minors in the probate court, and that his settlement was duly approved by the probate court. That the plaintiff appealed from the order of the probate court to the circuit court, and that the circuit court changed the order of the probate court in the manner set out in the plaintiff's complaint and ordered that its judgment be certified back to the probate court for further proceedings. They aver that the judgment of the circuit court was not certified back to the probate court and that, because the same was not done, there is no legal cause of action on this bond; that the last bond given by J. N. Beakley, with the American Bonding Company as his surety, took the place of the two former bonds given by him; that at the time the last mentioned bond was made, said Beakley was in

possession of all the assets belonging to said estate, and for this reason the defendant United States Fidelity & Guaranty Company states that it is not liable for any waste of the assets of the estate except for that committed prior to the giving of the last bond; that to avoid a multiplicity of actions, and to make settlement between the several sureties of the defendant Beakley, the cause of action should be transferred to equity. The court overruled the motion to transfer to equity, and sustained a demurrer to the answer of the defendants and rendered judgment in favor of the plaintiff, W. A. Cunningham, as guardian of Sam and Jessie Moore, minors, against the defendants, J. N. Beakley, United States Fidelity & Guaranty Company of Baltimore, and the American Bonding Company of Maryland, in the sum of $3,560.22, with interest thereon at the rate of 6 per cent per annum from August 30, 1912. This judgment was rendered on April 4, 1913, and the defendants have duly prosecuted an appeal to this court.

*H. L. Ponder* and *W. E. Beloate,* for appellants.

1. The bond executed by the American Bonding Company took the place of the bonds executed by the United States Fidelity & Guaranty Company, and there was no liability on the latter except for such defalcation as may have occurred before the execution of the last bond, and the cause should have been transferred to equity for the ascertainment of the fact whether or not there was any such defalcation.

2. Cunningham was not a proper party. The action should have been brought in the name of the State for the use of the minors, or in the name of the minors by their next friend. 98 Ark. 553; Acts 1909, p. 956.

3. The jurisdiction of the case was in chancery, and not in the circuit court. Acts 1909, p. 556; 95 Ark. 148. Even if there had been a proper appeal from the probate court, the circuit court ordered its judgment to be certified down to be entered as the judgment of the probate court, which was never done; and this was necessary

before the sureties became liable on their obligation. 63 Ark. 218; 74 Ark. 520; 33 Ark. 662.

4. As between the surety companies and the plaintiff, they are responsible according to their contract. It may be conceded that a judgment against Beakley would be *res adjudicata* as to the amount of assets the bonding companies would have to turn over that came to his hands, but not *res adjudicata* as to the kind of assets. The kind is governed solely by the contract, the kind received by the one to be charged and the kind tendered, which latter must be of, or directly traceable to, those received. The right of adjustment and exoneration are purely equitable remedies, and the cause should have been transferred. Bispham, Principles of Equity, § § 326, 329, 331.

5. The bondsmen are not chargeable with interest since the order of probate court ascertaining the amount due, and order directing notes, etc., to be turned over to the succeeding guardian. 64 Ark. 477.

*W. A. Cunningham,* for appellee.

1. The answer set up a matter exclusively within the jurisdiction of the probate court in alleging an accounting between the minors and the former guardian, and asking leave to turn over certain lands and to receive certain credits upon his accounts. When that court passed upon the account finding a balance due, and the judgment of the circuit court on appeal directed the payment of the amount due to the succeeding guardian, the matter was settled, and could not be collaterally attacked except for fraud. 25 Ark. 113; 40 Ark. 222.

2. The suit was properly brought. 39 Ark. 173; 98 Ark. 661.

3. The probate court had settled the rights of the parties, no fraud or mistake was alleged nor any other ground for equitable intervention. The law court was the proper forum. 16 Cyc. 30.

4. The settlement in the probate court and the circuit court upon appeal, is *res adjudicata,* and can not be collaterally attacked. 25 Ark. 113; 40 Ark. 222.

HART, J., (after stating the facts). The bonds sued on in this case were payable to the State of Arkansas, and it is first insisted by counsel for defendants that the action should have been brought in the name of the State of Arkansas for the use of the minors. Since the adoption of the Code, the action may be prosecuted either by the State as a trustee of an express trust, as was done in the case of the *State* v. *Buck,* 63 Ark. 218, or by the real party in interest—that is, by the person entitled to receive the money, who, in this instance, is W. A. Cunningham as guardian of the minors as was done in the case of *Turner* v. *Alexander, as Guardian,* 41 Ark. 254.

It is next insisted that this action can not be maintained because the judgment of the circuit court reversed in some particulars the order of the probate court adjusting the settlement of the defendant Beakley when he was· removed from the guardianship of Sam and Jessie Moore, minors. The record shows that when the minors reached the age of fifteen years they chose W. A. Cunningham as their guardian, and he was duly appointed as such guardian by the probate court. J. N. Beakley, former guardian of the minors, was removed, and the probate court took steps to adjust his accounts as such guardian and to determine the amount of his indebtedness to his wards, and an order was made by the probate court fixing the amount that said J. N. Beakley owed his wards, and the amount so fixed was ordered by the probate court to be turned over to W. A. Cunningham, the newly appointed guardian. Cunningham took an appeal from the order of the probate court, and in the circuit court the account of Beakley was readjusted, and the circuit court made an order directing that he pay over to Cunningham, as guardian of said minors, the amount found to be due by it, and its judgment was ordered to be certified down to the probate court. The judgment of the circuit court fixed the liability of Beakley, and no appeal was taken from the judgment. It is true the judgment of the circuit court was not certified down to the probate court, but, as we have already stated, the amount due by

Beakley to his wards was definitely fixed by the circuit court, and he was directed to turn over the amount so found to Cunningham as guardian of his former wards. The general rule is that in order to maintain a suit on a guardian's bond, there must be an adjustment of his accounts by the probate court and an order directing him to pay the amount found due to his wards or his successor in trust. The trust was closed as to Beakley by the judgment of the circuit court settling his account and directing him to pay the amount found due to Cunningham as the present guardian, and this brought his obligation to pay over the amount found due within the spirit of the rule without a formal entry of the judgment by the probate court, as directed by the circuit court.

The bond signed by the United States Fidelity & Guaranty Company as surety of Beakley was conditioned that upon the determination of his guardianship, he should deliver and pay to said minors, or any guardian that might be appointed for them after the determination of the guardianship of said J. N. Beakley, all the money, property and effects belonging to them in the possession or under the control of the said Beakley, and that he should in all things faithfully perform and fulfill his duty as guardian. The bond of the American Bonding Company was conditioned that Beakley should faithfully discharge his duties as guardian of said minors according to law. It is argued by counsel for the United States Fidelity & Guaranty Company that the breach of the bond occurred after Beakley's release, and that it is not liable; but the facts, as shown by the record, fix the date in the lifetime of its liability. The property in the hands of the guardian was not accounted for, nor was his account adjusted and a settlement made with the probate court at the time the last bond was executed, so far as appears from the allegations of the complaint or the averments of the answer. The surety on his first bond was not discharged, and so far as the record discloses, there was nothing to preclude the probate court from subsequently settling the guar-

dian's accounts, and requiring him to account for and pay over the amounts in his hands at the time his last bond was executed; and the surety on his first bond would be liable thereon until it was discharged by the probate court; or until the property of the minors in the hands of the guardian was turned over to the person legally entitled to receive it. Therefore, the plaintiff was entitled to recover against the United States Fidelity & Guaranty Company. It was the duty of the guardian to hold and preserve the property of the minors until he was ordered by the probate court to pay the same over to them or their legally constituted guardian thereafter appointed by it. Therefore, the breach of the bond was a continuing one because it was the duty of the guardian to account to the probate court for the minors' property and to preserve the same until he was orderd to pay it to the minors, and the surety on the last bond is also liable. *Dugger* v. *Wright,* 51 Ark. 232. As was said in this case:

"There are no terms in the office of executor or administrator, and the principle which is properly invoked in the case of a public officer who executes a bond for the faithful discharge of the duties of his office for the term upon which he is about to enter, is not applicable. The new bond, or the obligation of the new sureties, relates back, and the two sets of sureties are jointly liable to the distributees and others for whose benefit they have contracted, for breaches committed prior to the second execution." The rule applies with equal force to a guardian's bond.

It is next contended by counsel for defendants that the court erred in charging the sureties with interest after the discharge of Beakley as guardian. They rely on the case of *Haden* v. *Swepston,* 64 Ark. 477, where the court held that where a guardian is removed from his office without any order being made for the disposition of funds then in his hands, his surety is not liable for interest subsequently accruing on such funds. In the case at bar the facts are different. When Beakley was removed from his guardianship, the court proceeded at once to

adjust and settle his accounts, and at the same time made an order fixing his liability and directing him to pay over the funds of the minors in his hands to the newly appointed guardian.

Finally it is insisted by counsel for defendants that the case should be transferred to equity in order to settle the right of contribution between the co-sureties. In the case of *Dugger* v. *Wright, supra,* there were two sets of sureties, and the sureties on the second bond were distributees and plaintiffs in the action. The court held that the sureties on both bonds were liable, and that the defendant's answer, having set forth all the facts, presented an equitable defense to the extent of the amount they could claim by way of contribution against their co-sureties, who were plaintiffs. Here the co-sureties were all defendants, and they had no right to delay the plaintiff in the prosecution of his suit in order that any equities that might exist between themselves, as co-sureties, or any right of contribution between them, might be worked out. This could have been done just as well in an independent suit. See *Berton* v. *Anderson,* 56 Ark. 470.

It follows that the judgment will be affirmed.

### ON REHEARING.

HART, J. It is insisted by counsel for defendant that their answer shows that they were entitled to certain credits which were not allowed them. They say that Beakley, as guardian, had in his hands certain notes belonging to the minors which were uncollectible, and for which he did not receive credit; that he paid certain ditch taxes, and other matters, for which he never received credit. It was alleged in the complaint, and admitted by the defendants in their answer, that when the minors arrived at the age of fifteen years and chose another guardian, Beakley was removed by the probate court from the guardianship of said minors, and that the court proceeded at once to settle and adjust his accounts. The probate court was the proper forum to settle and adjust the accounts of the guardian, and the matters now complained of were put in issue and embraced in that

settlement. The newly appointed guardian appealed from the settlement made by the probate court to the circuit court, and upon the trial of the matter in the circuit court, the same issues were involved and the circuit court readjusted the accounts of Beakley and made a final settlement thereof. All the matters now complained of were put in issue and settled by the judgment of the circuit court. No appeal was taken from that judgment, and it was *res adjudicata* as to the accounts of Beakley with his wards. Moreover, the pleadings show that the judgment rendered in the circuit court was an agreed judgment.

It is next insisted by counsel for defendants that the judgment rendered against the guardian was not conclusive against the sureties; but this court has decided adversely to them on this question in the case of *George et al.* v. *Elms et al.*, 46 Ark. 260. In that case it was held that a judgment against an administrator was conclusive evidence against the sureties. So, here, the judgment was conclusive evidence against the sureties, as well as the guardian in an action upon the latter's bond in the circuit court.

It follows that the motion for rehearing must be denied.